United States District Court
District of Massachusetts

|                                |   |                   |
|--------------------------------|---|-------------------|
| **Power Products Sales and**   | ) |                   |
| Service, Inc.,                 | ) |                   |
|                                | ) |                   |
|     Plaintiff, | ) |               |
|                                | ) | Civil Action No.  |
|     v.     | ) | 19-11502-NMG      |
|                                | ) |                   |
| **Hydratight, Inc.,**          | ) |                   |
|                                | ) |                   |
|     Defendant. | ) |               |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a dispute between manufacturer Hydratight, Inc. ("Hydratight" or "defendant") and one of its sales representatives, Power Product Sales and Service, Inc. ("Power Products" or "plaintiff").

Pending before the Court is the motion of Hydratight to transfer the action to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a) (Docket Entry No. 11).

**I.  Background**

Hydratight, a Delaware corporation with its principal place of business in Deer Park, Texas, manufactures industrial tools used in several industries such as the maritime, nuclear power, oil and gas, power generation, pulp and paper and refinery industries.  Hydratight is a wholly owned subsidiary of Actuant

-1-

Corporation which is headquartered in Wisconsin.  Power Products is a Massachusetts corporation with its principal place of business in Walpole, Massachusetts.

Since 1995, Power Products has been a sales representative of Hydratight in the New England states and the Maritime Provinces of Canada (collectively, "the Territory").  In June, 2008, Power Products and Hydratight entered into a Sales Representative Agreement ("the Agreement") under which Power Products is responsible for "solicit[ing] and promot[ing] the sale of" certain Hydratight products within the Territory.  In consideration, Hydratight pays Power Products commissions.

Section 22 of the Agreement constitutes the following forum selection clause

> The federal and state courts situated in Wisconsin shall determine any claims, disputes, actions or suits which may arise under or with respect to this Agreement or the purchase and sale of Products, and each party hereby voluntarily submits to the personal jurisdiction of such courts for such purposes.

Power Products filed a complaint against Hydratight in Massachusetts Superior Court in June, 2019.  Plaintiff avers that defendant has "engaged in a surreptitious campaign" to push Power Products out of the Territory by moving to a direct sales model in some parts of the Territory and dealing with a competitor in other parts.  Power Products further alleges that Hydratight terminated a line of credit previously extended which

"effectively prohibit[ed] Power Product[s] from engaging in any sales activity on Hydratight's behalf." Hydratight removed the action to this Court in July, 2019.

Plaintiff specifically asserts six counts: breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); unjust enrichment (Count III); tortious interference with contractual relations (Count IV); unfair and deceptive practices in violation Mass. Gen. Laws c. 93A, § 11 (Count V); and failure to pay commissions in violation of the Massachusetts Sales Representative Act, Mass. Gen. Laws c. 104, § 9 (Count VI).

## II.  Motion to Transfer
### A. Legal Standard

The appropriate procedure to enforce a forum selection clause in a contract is to file a motion to transfer under 28 U.S.C. § 1404(a). Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 58-59 (2013). Under § 1404(a), a district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In Atlantic Marine Construction Co., the United States Supreme Court held that when a defendant files a motion to

transfer pursuant to a forum selection clause a district court should transfer the case unless

> extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.

571 U.S. at 52.

When interpreting a forum selection clause, the threshold question is "whether the clause at issue is permissive or mandatory." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014). The First Circuit Court of Appeals has found words such as "shall" or "will be submitted to", carry a "mandatory sense" and demonstrate the parties' exclusive commitment to the named fora. Barletta Heavy Div., Inc. v. Erie Interstate Contractors, Inc., 677 F. Supp. 2d 373, 376 (D. Mass. 2009) (citing Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 12 (1st Cir. 2001)).

Once it is determined that a forum selection clause is mandatory, courts next ascertain the scope of the clause which is a "clause-specific analysis." Claudio-De Leon, 775 F.3d at 47. A mandatory forum selection clause that encompasses the dispute between the parties carries a "strong presumption of enforceability". Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 18 (1st Cir. 2009).

Indeed, a valid forum selection clause is to be enforced in all but the most exceptional cases. Atl. Marine Constr. Co., 571 U.S. at 63. Accordingly, the plaintiff's choice of forum in this case "merits no weight" and the Court need not consider arguments about the parties' private interests because they are subordinate to a valid forum selection clause. See id. at 64.

In deciding whether to transfer a case based on a mandatory forum selection clause, the district court should consider only the public-interest factors which will rarely defeat a motion to transfer. Id. Those factors include

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.

Id. at 62 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). The burden of showing that the public-interest factors overwhelmingly disfavor the requested transfer rests on the nonmoving party. See id. at 67.

Finally, when a plaintiff who is contractually obligated to file suit in a specific forum flouts that duty, a transfer of venue under § 1404(a) "will not carry with it the original venue's choice-of-law rules". Id. at 64-65.

## B. Application

Power Products does not contest that the Agreement is valid and enforceable nor that the forum selection clause is mandatory

-5-

and applicable to the current dispute between the parties. Rather, plaintiff argues that the forum selection clause is unenforceable because 1) it is against public policy, 2) it is unreasonable and unjust and 3) its application is precluded by the doctrine of <u>forum non conveniens</u>.

As an initial matter, the Court independently concludes that the forum selection clause contains mandatory language requiring any claim "which may arise under or with respect to" the Agreement to be brought in the federal or state courts in Wisconsin and that the forum selection clause sweeps broadly enough to encompass the current dispute.

Power Products asserts that enforcing the forum selection clause is against Massachusetts public policy because enforcement would deprive it of the strong protections afforded to Massachusetts businesses under Massachusetts law. That argument, however, contravenes established law that a forum selection clause is generally respected

> even if the forum state would substitute its own remedy, so long as the chosen forum will itself provide an adequate remedy.

<u>M/S Bremen</u> v. <u>Zapata Off-Shore Co.</u>, 407 U.S. 1, 16 (1972). Indeed, Massachusetts courts regularly enforce forum selection clauses against Massachusetts businesses. <u>See e.g.</u>, <u>Kebb Management, Inc.</u> v. <u>Home Depot U.S.A., Inc.</u>, 59 F. Supp. 3d 283, 288 (D. Mass. 2014). The mere fact that plaintiff views

Massachusetts law as favorable to its position is insufficient to demonstrate that enforcement of the forum selection clause is against public policy. See Huffington v. T.C. Group, LLC, 637 F.3d 18, 25 (1st Cir. 2011).

As to Power Products' second argument, to prove that enforcement of the forum selection clause would be unreasonable or unjust, it must demonstrate that such enforcement would be "seriously inconvenient" or effectively "deprive[] [the plaintiff] of [its] day in court." M/S Bremen, 407 U.S. at 17; Barletta Heavy Div., Inc., 677 F. Supp. 3d at 376. Serious inconvenience may be established by demonstrating that the selected forum is "alien" to all parties and "largely unconnected with the contractual relations at issue in the case." See Lambert v. Kystar, 983 F.2d 1110, 1120 (1st Cir. 1993). A claim of serious inconvenience should be given little weight, however, where it can be shown with "reasonable assurance" that the parties to a freely negotiated contract could have contemplated the claimed inconvenience at the time of contracting. See M/S Bremen, 407 U.S. at 17-18.

Plaintiff argues that Wisconsin is "alien" to all parties and largely disconnected with the contractual relations at issue because no witnesses reside (and no relevant evidence exists) in Wisconsin. Power Products does not claim, however, that it would be effectively deprived of its day in court if forced to

litigate in Wisconsin.  Nor does it explain why the claimed unreasonableness of litigating in Wisconsin was not contemplated at the time of contracting.  The Agreement reflects a 24-year collaboration to sell industrial products in the Territory.  This was not a contract of adhesion between parties of unequal bargaining power.  Both parties are sophisticated business entities operating in a specialized industrial field.  Accordingly, plaintiff has failed to establish that the forum selection clause is unreasonable or unjust.

Finally, Power Products' third argument that the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> precludes the application of the forum selection clause is unavailing.  It misconstrues the relationship between <u>forum</u> <u>non</u> <u>conveniens</u> and § 1404(a).  A determination of whether to transfer a case under either <u>forum</u> <u>non</u> <u>conveniens</u> or § 1404(a) "entail[s] the same balancing-of-interests standard." <u>Atl. Marine Constr. Co.</u>, 571 U.S. at 60.  Section 1404(a) is merely the codification of the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> for cases in which the transferee forum is another federal court as opposed to a state or foreign court.  <u>Id.</u>  Consequently, Power Products' argument against transfer under <u>forum</u> <u>non</u> <u>conveniens</u> fails for the same reason its argument against transfer under § 1404(a) fails.

**ORDER**

For the forgoing reasons, the motion of defendant Hydratight to transfer venue to the Eastern District of Wisconsin (Docket Entry No. 11) is **ALLOWED**.

**So ordered.**

<pre>                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge
Dated October 9, 2019</pre>